**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PHILLIP TELLIS, # 158433,

        Petitioner,               Case Number: 10-cv-14951

v.                                      Honorable Arthur J. Tarnow

CARMEN PALMER,

        Respondent.
_____/

**OPINION AND ORDER GRANTING
MOTION FOR SUMMARY JUDGMENT, DISMISSING
PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A
CERTIFICATE OF APPEALABILITY, AND GRANTING AN APPLICATION FOR
LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS*****

This is a habeas case filed by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner Phillip Tellis is currently incarcerated at the Michigan Reformatory in Ionia, Michigan. He filed this *pro se* Habeas Petition on December 14, 2010, challenging his 1998 convictions for assault with intent to murder, MICH. COMP. LAWS § 750.83, and felony firearm, MICH. COMP. LAWS § 750.227(b), following a bench trial in the Wayne County Third Judicial Circuit Court. Petitioner was found guilty but mentally ill in regard to both convictions. He was sentenced, as a habitual offender fourth offense, to eighteen to forty years in prison for the assault conviction and the mandatory two years in prison for the felony-firearm conviction.

Respondent did not file an Answer to the Petition, but rather, on February 28, 2011, he filed a Motion for Summary Judgment, along with the Rule 5 materials, arguing that the Petition was not timely filed under 28 U.S.C. § 2244(d)(1). On March 2, 2011, Respondent filed a Corrected/Amended Motion for Summary Judgment. Petitioner had forty-five days in which to file a Reply, or until April 18, 2011. To date, Petitioner has not filed a Reply.

For the reasons stated, the Court grants Respondent's Motion, thereby dismissing the Petition. The Court also declines to issue Petitioner a Certificate of Appealability, but will grant him an Application for Leave to Proceed on Appeal *In Forma Pauperis*.

## I. BACKGROUND

This case arises from an incident that occurred on November 3, 1997.

Two months prior to trial, the trial court held a competency hearing. Defense counsel indicated to the court that, after speaking to Petitioner, he felt he understood the nature of the proceedings and was able to assist in his trial. The competency report confirmed that belief. Based on the report, the trial court found Petitioner competent to stand trial. The court also appointed an independent evaluation to be done on the issue of criminal responsibility.

On the day of trial, Petitioner attempted to scratch or cut himself. The trial was adjourned for a few hours in order for the deputies to subdue Petitioner and to call for assistance. The trial then continued.

Petitioner and the Complainant, Larry Amore, were staying at a house in Detroit, Michigan. There was a history of bad blood between them. The owner of the house, Petitioner's sister, asked Petitioner to leave the house. She testified that Petitioner had a history of mental illness, including thoughts of suicide, but was fine as long as he took his medication.

Amore testified. He said that, on the day in question, he saw Petitioner standing outside the house looking in a window. He then heard a knock on the door and went to door. When he looked out the window, he saw a gun barrel pointed at his face. He put his hands up to protect his face and was shot once. The shot removed one of his fingers and severely damaged another. He identified Petitioner as the shooter.

Petitioner testified. He said, when he awoke on the day in question, he heard voices telling him to kill himself or someone else. He said he had not taken his medication for about five days. He testified that, on the day in question, he was driving around and drinking with his cousin. They stopped when they were in the area of his sister's house. He took a shotgun from the truck and walked toward the house. He testified that he aimed the gun at Amore to scare him. He said he did not remember anything until he woke up in a hospital. He admitted that he heard voices when he was drinking or if he did not take his medication. He said he had been taking his medication in jail and was not hearing voices at that time.

At the conclusion of the two-day bench trial, the trial judge found Petitioner guilty but mentally ill. After reviewing both the competency and criminal responsibility reports, the court noted that both examiners came to the same conclusion; there was no evidence of diminished capacity and Petitioner was criminally responsible for his conduct on the day in question. The court also reviewed the circumstances of Petitioner's "suicide attempt" prior to trial. The trial court examined the object and found it to be a "thin but pliable metal object." (Trial Tr. vol. I, 4-5, June 22, 1998). The attempt occurred at a time when Petitioner was asked to decide whether to plead or stand trial. During that time, Petitioner was flicking at his arm with the flexible item. The trial court found that Petitioner was not trying to kill himself but rather was trying to avoid the decision he was asked to make. On July 10, 1998, Petitioner was sentenced as stated.

Following his sentencing, on August 31, 1998, Petitioner, through appointed counsel, filed a direct appeal with the Michigan Court of Appeals, which was denied on June 6, 2000. *People v. Tellis*, No. 214112, 2000 WL 33418989 (Mich.Ct.App. June 6, 2000). Petitioner filed a delayed application for leave to appeal that decision with the Michigan Supreme Court, but the

Supreme Court denied leave on March 27, 2001. *People v. Tellis*, 463 Mich. 983, 624 N.W.2d 195 (2001) (Table). Petitioner neither filed a post-conviction motion with the state trial court nor a petition for writ of certiorari with the United States Supreme Court.

Petitioner filed this Petition on December 14, 2010. He is alleging that his trial counsel was ineffective and that he was incompetent to stand trial.

## II. DISCUSSION

### A. Standard of Review

Respondent argues in his Motion for Summary Judgment that Petitioner's Habeas Petition should be barred from federal-habeas review by the one-year statute of limitations.

A motion for summary judgment should be granted if the movant shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2). The moving party has the initial burden of informing the Court of the basis for its motion, and identifying where to look in the record for relevant facts "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the opposing party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted). "The summary judgment rule applies to habeas proceedings." *See Redmond v. Jackson*, 295 F.Supp.2d 767, 770 (E.D. Mich. 2003) (quoting *Harris v. Stegall*, 157 F.Supp.2d 743, 746 (E.D. Mich. 2001) (citation omitted)). In the statute of limitations context, "dismissal is appropriate only if a [moving party] clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2d Cir. 1999); *see also Cooey v. Strickland*, 479 F.3d 412, 415-16 (6th Cir. 2007) (same).

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act"), applies to all habeas petitions filed after the Act's effective date, April 24, 1996, and imposes a one-year limitations period for habeas-corpus petitions. 28 U.S.C. § 2244(d). It states in pertinent part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period runs from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the United States Supreme Court. *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000). Under Rule 13 of the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment." SUP.CT.R.13. The statute of limitations may be tolled statutorily by a properly filed motion for post-conviction relief, or equitably by the Court, under limited circumstances.

A habeas petition filed outside the time period prescribed must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000), *overruled on other grounds*, *Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003) (dismissing a habeas case filed thirteen days after the limitations period expired as untimely); *Neal v. Bock*, 137 F.Supp.2d 879, 885 (E.D. Mich. Mar. 28, 2001) (dismissing a habeas petition filed over one month after the limitations period had expired as untimely).

## B.  Petition Is Untimely

In this case, Petitioner did not file his Habeas Petition within the statute of limitations period.  The Michigan Supreme Court denied his application for leave to appeal on March 27, 2001.  Petitioner then had ninety days from that order, or until June 25, 2001, in which to seek a petition for a writ of certiorari with the United States Supreme Court.  SUP.CT.R. 13.  Thus, for statute of limitations purposes, his convictions became final on or about June 25, 2001.  The limitations period commenced the following day, June 26, 2001, and continued to run uninterrupted until it expired on June 26, 2002. Accordingly, Petitioner was required to file his Habeas Petition on or before June 26, 2002, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244 (d)(2).

Petitioner did not file a post-conviction motion with the state trial court.  Rather, he filed this Habeas Petition, more than eight years after the expiration of the limitations period. Therefore, he is barred from habeas relief by the untimely filing of his Petition.

### C.  Petitioner Is Not Entitled To Equitable Tolling

The United States Supreme Court has confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling.  *Holland v. Florida*, --- U.S. ----, 130 S.Ct. 2549, 2562 (2010); *see also Day v. McDonough*, 547 U.S. 198, 205 (2006) (the AEDPA statute of limitations is not jurisdictional).

The *Holland* Court held that a habeas petitioner is entitled to equitable tolling "only if he [or she] shows '(1) that he [or she] has been pursuing his [or her] rights diligently, and (2) that some extraordinary circumstance stood in his [or her] way' and prevented timely filing."  *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (emphasis deleted)); *see also Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (courts may review time-barred petitions for habeas corpus under the doctrine of equitable tolling provided that "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control") (internal citations omitted); *Robinson v. Easterling*, No. 09-5447, 2011 WL 1977272 (6th Cir. May 20, 2011) (same).  "The petitioner has the burden of demonstrating that he [or she] is entitled to equitable tolling."  *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (quoting *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003) (quoting *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

When deciding whether equitable tolling should apply, courts in this Circuit evaluate the following factors: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.  *Andrews v. Orr*, 851 F.2d 146, 151 (6th

Cir. 1988) (citations omitted); *see also Sherwood v. Prelesnik,* 579 F.3d 581, 588 (6th Cir. 2009) (same)*;Dunlap v. United States,* 250 F.3d 1001, 1008-09 (6th Cir. 2001) (same). These five factors are not comprehensive nor is each of the five factors relevant in all cases. Instead, courts must consider equitable tolling on a case-by-case basis. *Allen*, 366 F.3d at 401 (citation omitted). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)).

Petitioner has not set forth sufficient circumstances to justify the filing of his federal habeas action well after the expiration of the one-year limitations period. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F.Supp.2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling). Illiteracy does not justify tolling of the one-year period. *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002).

Additionally, possible mental retardation or mental illness is not a per se reason to toll the statute of limitations for filing a federal habeas petition. *See Brown v. McKee*, 232 F.Supp.2d 761, 767-68 (E.D. Mich. 2002). Mental illness is a basis for equitable tolling of a limitations period only in extreme circumstances. *See Simpson v. Wolfenbarger*, No. 05-CV-71298-DT, 2006 WL 416189, *5 (E.D. Mich. Feb.21, 2006). Further, the alleged mental condition must have affected the petitioner's ability to timely file a habeas petition. *Brown*, 232

F.Supp.2d at 767-68 (citing cases). The petitioner bears the burden of showing that mental health problems rendered him unable to file a habeas petition within the one-year period. *Id.*; *see also Carter v. Bradshaw*, --- F.3d ---, 2011 WL 2039171, at *5 (6th Cir. 2011) (holding that it was improper for the district court to dismiss Carter's petition and prospectively toll the AEDPA statute of limitations indefinitely).

Although the record indicates that Petitioner has some mental disabilities and takes medication, Petitioner has not established that his mental condition impeded his ability to timely seek review of his convictions. The record reveals that Petitioner was competent to stand trial and was advised of his appellate rights following sentencing. Petitioner, through counsel, was able to file a direct appeal with the Court of Appeals. The fact that Petitioner was able to take such action, and has been able to proceed before this Court while under the same mental condition, indicates that his mental disabilities did not preclude him from managing his legal affairs and acting upon them during the relevant time period. *See Brown*, 232 F.Supp.2d at 768. Petitioner has failed to establish that his mental condition prevented him from seeking assistance and pursuing federal habeas
review in a timely manner. Given such circumstances, Petitioner is not entitled to equitable tolling under *Dunlap*.

### D. Court Declines To Issue A Certificate of Appealability

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability (COA) must issue. 28 U.S.C. § 2253(c)(1)(a); Fed.R.App.P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on

9

procedural grounds without addressing the claim's merits, a COA should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed. In such a case, no appeal is warranted. *Id.*

After conducting the required inquiry and for the reasons stated herein, the Court is satisfied that jurists of reason would not find the Court's procedural ruling debatable. No COA is warranted in this case.

### III.  CONCLUSION

Accordingly, **IT IS ORDERED** that Respondent's Motion for Summary Judgment is **GRANTED**, and Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the Court **DECLINES** to issue Petitioner a COA. However, the Court will **GRANT** Petitioner an Application for Leave to Appeal *In Forma Pauperis*.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated:  June 17, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 17, 2011, by electronic and/or ordinary mail.
                                        S/Catherine A. Pickles
                                        Judicial Secretary